CANADY, Judge.
Milton Earle Thomas appeals two sentences imposed on him following revocation of his probation. Thomas argues and the State concedes that the two sentences are illegal because they exceed the applicable statutory maximum. Thomas earlier raised this sentencing issue by way of a Florida Rule of Criminal Procedure 3.800(b)(1) motion, but his motion was deemed denied due to the trial court’s inaction. See Fla. R.Crim. P. 3.800(b)(1)(B).
The trial court imposed concurrent sentences of seventy-two months for a violation of section 817.563(1), Florida Statutes (2000), and a violation of section 893.13(6)(a), Florida Statutes (2002). Both sentenced offenses are third-degree felonies, for which the statutory maximum sentence is five years. See § 775.082(3)(d), Fla. Stat. (2000 & 2002). Under the Criminal Punishment Code, the maximum sentence that may be imposed for an offense is the statutory maximum for that offense, unless the lowest permissible prison sentence calculated on the offender’s scoresheet exceeds the statutory maximum. See § 921.0024(2), Fla. Stat. (2000 & 2002); Fla. R.Crim. P. 3.704(d)(25). Thomas’s Criminal Punishment Code scoresheets for his offenses show lowest permissible prison sentences at a level lower than the applicable statutory maximum sentences.
*602 The sentences of seventy-two months thus exceed the applicable five-year (sixty-month) maximum sentences permissible for these offenses under the Criminal Punishment Code. We reverse the sentences and remand for resentencing within the statutory maximum.
Sentences reversed; remanded for re-sentencing.
FULMER, C.J., and STRINGER, J., Concur.